**ENERGY INVESTORS FUND, L.P. v. METRIC CONSTRUCTORS, INC.**

[351 N.C. 331 (2000)]

ENERGY INVESTORS FUND, L.P. v. METRIC CONSTRUCTORS, INC., KVAERNER ASA, KVAERNER ENVIRONMENTAL TECHNOLOGIES, INC., METRIC/ KVAERNER FAYETTEVILLE, J.V., J.A. JONES, INC., AND LOCKWOOD GREENE ENGINEERS, INC.

No. 333A99

(Filed 3 March 2000)

**1. Partnerships— limited partner—status similar to shareholder**

The Court of Appeals properly equated the status of limited partners in a partnership to the relationship that exists between corporate shareholders and the corporation.

**2. Partnerships— limited partner—standing to bring suit**

Plaintiff limited partner in a partnership organized to develop a "waste-to-energy" project did not have standing to maintain individual suits against defendant engineering and construction companies for negligence, negligent misrepresentations and breach of warranty where (1) the complaint does not allege an injury separate and distinct to plaintiff but shows that plaintiff's injury is the loss of its investment, which is identical to the injury suffered by the other limited partners and by the partnership as a whole; and (2) the complaint does not allege facts showing that a relationship existed outside of the partnership sufficient to create a special duty between defendants and plaintiff.

**3. Civil Procedure— lack of standing—motion to dismiss— failure to state claim**

A lack of standing may be challenged by motion to dismiss for failure to state a claim upon which relief may be granted.

**4. Negligence— contract with partnership—suit by limited partner—failure to state claim**

Plaintiff limited partner's complaint was insufficient to state a claim against defendant engineering and construction companies for negligence in the design and construction of a "waste-to-energy" project where the alleged injuries arose out of work done pursuant to a contract between defendants and the limited partnership, and no facts were alleged that would support a finding of a duty running from defendants to plaintiff rather than to the partnership.

**5. Fraud— negligent misrepresentation—claim by limited partner—standing—special relationship**

Plaintiff limited partner's claim against defendant engineering and construction companies for negligent misrepresentations pertaining to the design and construction of a "waste-to-energy" project for the partnership must fail because plaintiff has not alleged or established a special relationship with defendants which supports standing to bring a direct claim.

**6. Warranties— breach—claim by limited partner—absence of privity**

Plaintiff limited partner's claim for breach of warranty in the design and construction of a "waste-to-energy" project for the partnership must fail where plaintiff did not allege contractual privity between plaintiff and defendants or any warranty addressed to plaintiff as ultimate consumer or user.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 133 N.C. App. 522, 516 S.E.2d 399 (1999), affirming an order entered 10 February 1998 by Jenkins, J., in Superior Court, Cumberland County. Heard in the Supreme Court 17 November 1999.

*Adams Kleemeier Hagan Hannah & Fouts, by W. Winburne King, III, and R. Harper Heckman; and Gadsby & Hannah LLP, by Richard K. Allen and Michael B. Donahue, for plaintiff-appellant.*

*Moore & Van Allen, PLLC, by Gregory J. Murphy and Alan W. Pope; and Beaver, Holt, Richardson, Sternlicht, Burge & Glazier, P.A., by H. Gerald Beaver, for defendant-appellees Metric Constructors, Inc.; Kvaerner ASA; Kvaerner Environmental Technologies, Inc.; Metric/Kvaerner Fayetteville, J.V.; and J.A. Jones, Inc.*

*Murray, Craven, Inman & McCauley, L.L.P., by Richard T. Craven, for defendant-appellee Lockwood Greene Engineers, Inc.*

FREEMAN, Justice.

Plaintiff Energy Investors Fund, L.P. (EIF), is a limited partner in BCH Energy Limited Partnership (BCH), a limited partnership organized under the laws of the State of Delaware. BCH is the

owner/developer of a waste-to-energy project in North Carolina. EIF's complaint alleges that during 1992 and 1993, BCH solicited bids from various sources to plan, construct and operate a facility (Project) in Cumberland and Bladen counties that would receive waste, incinerate it, and thereby generate steam and electricity. EIF alleges that defendants made oral and written representations to BCH that they had the staff, resources, experience and expertise to design and manage the Project in accordance with BCH's specifications. These alleged representations were made after the formation of BCH, but before EIF had invested funds in the Project. EIF claims that it reasonably and justifiably relied on these representations in investing $16,076,655 in the development of the Project, and that defendants knew or should have known of such reliance. EIF further contends that defendants' representations were false and inaccurate, resulting in the Project's failure and loss of EIF's investment, because: (1) defendants did not, in fact, possess the abilities, capabilities and experience they professed to have, and (2) they designed and constructed the facility in a negligent fashion. As a result of the Project's failure, EIF has asserted claims against defendants for negligence, negligent misrepresentation, and breach of warranty.

The trial court dismissed all claims pursuant to N.C.G.S. § 1A-1, Rule 12(b)(6) (failure to state a claim upon which relief can be granted), Rule 12(b)(7) (failure to join a necessary party), Rule 17 (failure to join a real party in interest), and Rule 19 (failure to join those united in interest as plaintiffs or defendants). In doing so, the trial court concluded that plaintiff "lack[ed] standing to assert claims against Defendants for negligence, negligent misrepresentation and breach of warranty," and that "[p]laintiff has failed to state a claim upon which relief may be granted." EIF appealed, and the Court of Appeals affirmed.

EIF, as a limited partner of BCH, seeks to bring individual causes of action against the defendants to recover for the loss of its equity investment. We note this issue is one of first impression in North Carolina. Other jurisdictions which have considered this question have looked to the law of corporations for guidance and have analogized the role of a limited partner to that of a shareholder of a corporation. In 1953, the New York Court of Appeals held that "[l]imited partnerships were unknown to the common law and, like corporations, are 'creature[s] of statute,' *Lanier v. Bowdoin*, 282 N.Y. 32, 38, 24 N.E.2d 732, 735 [(1939)]. Statutes permitting limited partnerships are intended to encourage investment in business enterprise by

affording to a limited partner a position analogous to that of a corporate shareholder." *Ruzicka v. Rager,* 305 N.Y. 191, 197-98, 111 N.E.2d 878, 881 (1953).

In *Klebanow v. N.Y. Produce Exch.,* 344 F.2d 294, 297 (2d Cir. 1965), the Second Circuit of the United States Court of Appeals declared:

> [I]n the main, a limited partner is more like a shareholder, often expecting a share of the profits, subordinated to general creditors, having some control over direction of the enterprise by his veto on the admission of new partners, and able to examine books and "have on demand true and full information of all things affecting the partnership . . . ." *See* N.Y. Partnership Law §§ 98, 99, 112. That the limited partner is immune to personal liability for partnership debts save for his original investment, is not thought to be an "owner" of partnership property, and does not manage the business may distinguish him from general partners but strengthens his resemblance to the stockholder; and even as to his preference in dissolution, he resembles the preferred stockholder.

To like effect, the Chancery Court of Delaware, generally recognized as an authority in the interpretation of business law, has affirmed the proposition that shareholders and limited partners hold similar positions within their respective entities. *Litman v. Prudential-Bache Properties, Inc.,* 611 A.2d 12, 15 (Del. Ch. 1992). The Chancellor in *Litman* relied on the holding of *Strain v. Seven Hills Assocs.,* 75 A.D.2d 360, 370, 429 N.Y.S.2d 424, 431 (1980), which equated the status of corporate shareholders and corporate directors to that existing between limited partners and general partners.

Scholars have also analogized the role of a limited partner to that of a shareholder because

> [l]imited partnerships resemble corporations in various ways. Formalities of creation are much alike. Both forms of organization can attract investment capital by offering limited liability with roughly similar effects in limited partnerships and corporations. Limited liability necessitates some rules to protect corporate creditors. It facilitates passive ownership—a separation of ownership from control—that permits some efficiencies as well as poses some risks from delegated management. Thus, limited partners are somewhat analogous to shareholders . . . .

Information rights and fiduciary duties owed to limited partners are similar to those owed to shareholders. Limited partners, like shareholders, may bring derivative suits on behalf of the business entity against errant management. Limited partner interests are generally treated like corporate shares in the securities laws.

III Alan R. Bromberg & Larry E. Libstein, *Bromberg and Libstein on Partnership* § 11.01(c) (Supp. 1999-2); *see also Moore v. Simon Enters.*, 919 F. Supp. 1007, 1012 (N.D. Tex. 1995).

[1] While it is true that a partner and shareholder are treated differently for tax purposes, *see Donroy, Ltd. v. United States*, 196 F. Supp. 54, 59 (N.D. Cal. 1961), *aff'd*, 301 F.2d 200 (9th Cir. 1962), their duties are still analogous. As such, we conclude that the Court of Appeals properly equated the status of limited partners in a partnership to the relationship that exists between corporate shareholders and the corporation. Having so concluded, we now turn to the North Carolina law of corporate shareholders for the legal principles applicable to this case.

In *Barger v. McCoy Hillard & Parks*, 346 N.C. 650, 488 S.E.2d 215 (1997), this Court held that the plaintiff shareholders could not assert claims against a third party for the loss of their equity investment in the corporation. *Id.* at 660, 488 S.E.2d at 220. In doing so, this Court endorsed the "well-established general rule . . . that shareholders cannot pursue individual causes of action against third parties for wrongs or injuries to the corporation that result in the diminution or destruction of the value of their stock." *Id.* at 650, 488 S.E.2d at 219. The only two exceptions to this rule are: (1) a plaintiff alleges an injury "separate and distinct" to himself, or (2) the injuries arise out of a "special duty" running from the alleged wrongdoer to the plaintiff. *Id.* Therefore, unless EIF fits into one of these two exceptions, it has no standing to bring this action.

[2] Accordingly, an evaluation of EIF's standing in this matter requires an analysis of: (1) EIF's alleged injury, and (2) the relationship between EIF and defendants with respect to each claim. In so doing, it appears that EIF's injury is not distinct from the injuries suffered by BCH and other limited partners. This Court has stated that "[a]n injury is peculiar or personal to the shareholder if 'a legal basis exists to support plaintiffs' allegations of an individual loss, separate and distinct from any damage suffered by the corporation.' " *Id.* at 659, 488 S.E.2d at 220 (quoting *Howell v. Fisher*, 49 N.C. App. 488, 492, 272 S.E.2d 19, 23 (1980), *disc. rev. denied*, 302 N.C. 218, 277

S.E.2d 69 (1981)). In applying this rule of shareholder law to that of limited partnerships, we find that the complaint shows EIF's injury is the loss of its investment, which is identical to the injury suffered by the other limited partners and by the partnership as a whole. EIF did not invest its funds directly and independently in the Project. Rather, EIF invested in the BCH partnership. Obviously EIF would not have invested in BCH if it believed the Project would be unprofitable, but hopes for profits are hardly unique. That EIF invested an amount different from other limited partners hardly makes for an "individual injury." The complaint does not allege a basis demonstrating that the investment, and thus the injury, is peculiar or personal to the limited partner, EIF.

Further, EIF has alleged no relationship creating a special duty owed to it by defendants. This Court has previously held that the existence of a special duty could be established by facts showing that defendants owed a duty to plaintiff that was personal to plaintiffs as shareholders and was separate and distinct from the duty defendants owed the corporation. *Barger*, 346 N.C. at 659, 488 S.E.2d at 220. In the instant case, EIF was already a limited partner in BCH before its alleged communications with defendants, so defendants could not have induced EIF to become a limited partner. Nor has EIF alleged any individualized services performed for it by defendants. Defendants were communicating with EIF in its capacity as a limited partner, not as an entity separate and distinct from the BCH limited partnership. In fact, the complaint alleges defendants "communicated with, *among others*, representatives of EIF"; "intended EIF, *among others*, to rely on such representations"; and made "representations intended for the Projects' investors, *including but not limited to EIF*." (Emphasis added.) Nowhere in the complaint does EIF allege facts from which one might reasonably infer a relationship existed outside of the partnership sufficient to create a duty between defendants and EIF. EIF fails to set forth any allegations which, even taken as true, support a special duty between it and defendants or that support a peculiar or personal injury when compared to the injury suffered by other limited partners. Therefore, EIF lacks standing in its individual capacity to assert claims which belong to the limited partnership and which have been asserted and pursued by the limited partnership.

We disagree with EIF's contention that it has a right to bring a direct action against defendants. "It is settled law in this State that one partner may not sue in his own name, and for his benefit, upon a

ENERGY INVESTORS FUND, L.P. v. METRIC CONSTRUCTORS, INC.

[351 N.C. 331 (2000)]

cause of action in favor of a partnership." *Godwin v. Vinson*, 251 N.C. 326, 327, 111 S.E.2d 180, 181 (1959). EIF's premise lies in the fact that defendants' alleged statements were made for the purpose of inducing EIF to invest in the Project. Even if this were true, as the complaint shows, any representations were made not to EIF individually, but to the limited partnership as a whole. Therefore, any action brought against defendants must be brought by the partnership.

[3] A lack of standing may be challenged by motion to dismiss for failure to state a claim upon which relief may be granted. *See, e.g., Krauss v. Wayne County DSS*, 347 N.C. 371, 373, 493 S.E.2d 428, 430 (1997) (a Rule 12(b)(6) motion was made on the basis that the plaintiff did not have standing). Rule 12(b)(6) "generally precludes dismissal except in those instances where the face of the complaint discloses some insurmountable bar to recovery." *Sutton v. Duke*, 277 N.C. 94, 102, 176 S.E.2d 161, 166 (1970). In the instant case, EIF is not the real party in interest. " 'A real party in interest is a party who is benefited or injured by the judgment in the case. An interest which warrants making a person a party is not an interest in the action involved merely, but some interest in the subject-matter of the litigation.' " *Parnell v. Nationwide Mut. Ins. Co.*, 263 N.C. 445, 448-49, 139 S.E.2d 723, 726 (1965) (quoting *Choate Rental Co. v. Justice*, 211 N.C. 54, 55, 188 S.E. 609, 610 (1936)). Thus, the real party in interest is the party who by substantive law has the legal right to enforce the claim in question. BCH is the real party in interest to bring this action. Further, we note that during oral arguments, the parties conceded that BCH and defendants are presently in arbitration. Since EIF cannot maintain an action in its own capacity, it lacks standing and has failed to state a claim upon which relief may be granted.

[4] Although EIF contends in its negligence claim that defendants breached a duty of care to EIF in its design, fabrication, and construction of the material handling components of the Project, these alleged injuries arose out of work done pursuant to a contract between BCH and defendants. No facts are alleged that would support a finding of a duty which runs from defendants solely to EIF rather than to BCH. While a common law duty of care may arise out of contractual obligations assumed with another party, our case law clearly provides that those obligations must result from some actual working relationship between a plaintiff and defendant. *Davidson & Jones, Inc. v. New Hanover County*, 41 N.C. App. 661, 667, 255 S.E.2d 580, 584, *disc. rev. denied*, 298 N.C. 295, 259 S.E.2d 911 (1979). In the instant case, EIF was merely an individual, passive investor in BCH.

EIF fails to allege anywhere that it had an ongoing working relationship with any of the defendants which gives rise to any duty. Therefore, the trial court correctly held that the complaint did not state a claim for negligence.

[5] EIF's claim for negligent misrepresentation also fails in that EIF has not alleged or established a special relationship with defendants which supports standing to bring a direct claim. *Barger*, 346 N.C. at 659, 488 S.E.2d at 220. In the instant case, EIF's complaint does not explain how defendants had a special duty to EIF at the time of the representation when: (1) defendants did not yet have a contract with BCH, and (2) EIF was already a limited partner. Rather, EIF's complaint shows that it was already a limited partner in BCH at the time of the alleged misrepresentations, that BCH solicited the requested information, and that defendants' negotiations were not with EIF individually, but with BCH. Absent some indication whereby defendants directly solicited EIF with the intent to induce its participation in BCH, EIF has failed to allege the existence of a legally cognizable duty of care which runs from defendants to EIF.

[6] As for EIF's claim for breach of warranty, it too must fail in that the complaint has not alleged contractual privity between EIF and defendants, nor does it allege that any warranty was addressed to it as an "ultimate consumer or user." *See Kinlaw v. Long Mfg. N.C., Inc.*, 298 N.C. 494, 259 S.E.2d 552 (1979). Furthermore, when a claim is only for economic loss, as with EIF's claims, the general rule is that privity is required to assert a claim for breach of an implied warranty involving only economic loss. *2000 Watermark Ass'n v. Celotex Corp.*, 784 F.2d 1183, 1185 (4th Cir. 1986); *Gregory v. Atrium Door & Window Co.*, 106 N.C. App. 142, 144, 415 S.E.2d 574, 575 (1992). Therefore, EIF's claim for breach of warranty was properly dismissed.

For the foregoing reasons, the decision of the Court of Appeals is affirmed.


AFFIRMED.