JEAN H. GASKIN, AS EXECUTRIX OF THE ESTATE OF E. REED GASKIN, DECEASED; LEWIS GASKIN; ANTHONY WILLIAM PACKER; AND LARRY ESTES, PLAINTIFFS v. THE J.S. PROCTOR COMPANY, LLC; ANNA JONES PROCTOR AND RICHARD E. MARSH, JR. AS CO-EXECUTORS OF THE ESTATE OF JOHN S. PROCTOR, JR.; AND PAUL LEONARD, DEFENDANTS

No. COA08-732

(Filed 21 April 2009)

**Partnerships— individual suit—standing—special duty—separate and distinct injury—third party**

Plaintiff limited partners of a partnership that owned and operated an apartment complex had no standing to sue the general partners individually and on their own behalf for injuries sustained by the partnership because: (1) the only two exceptions to

the general rule of partner standing to bring an individual action (that one partner may not sue in his own name and for his benefit upon a cause of action in favor of a partnership) are that a plaintiff alleges an injury separate and distinct to himself, or the injuries arise out of a special duty running from the alleged wrongdoer to plaintiff; (2) contrary to plaintiffs' assertion, *Norman*, 140 N.C. App. 390 (2000), did not create an additional exception; (3) plaintiffs failed to show a special duty based on powerlessness when plaintiffs collectively owned 90% of the shares in the limited partnership; although defendant general partners controlled the board of directors, the agreement gave the limited partners the right to convert their limited partnership interests into general partnership interests; there was no evidence that plaintiffs and defendants are in a family business where close relationships have broken down; there was no evidence tending to show that creditors of the partnership would not be prejudiced if the lawsuit went forward and resulted in recovery by plaintiffs rather than the partnership, and in fact the complaint alleged the partnership was in dire financial condition and in default on its obligations; there was a danger of multiple lawsuits when the partnership and two partners who held 10% of the limited partnership shares were not parties to the lawsuit; and no special duty arose from two contractual agreements plaintiffs entered into with defendants; and (4) plaintiffs failed to show separate and distinct injury when there were no facts alleged which would support the existence of an injury to themselves apart from diminution in the value of their investment, a circumstance which would have similarly affected the partnership and all the partners. Nor could plaintiffs bring an individual suit against defendant third party management company when the general rule of partner standing is the same regardless of whether plaintiff is seeking to recover from another partner within the partnership or a third party unrelated to the partnership, and the complaint alleged the same duty and same injury against the third party management company and general partners.

Appeal by plaintiffs from order entered on or about 7 January 2008 by Judge Albert Diaz in Mecklenburg County Superior Court. Heard in the Court of Appeals 20 November 2008.

*Jackson & McGee, LLP, by Sam McGee, for plaintiff-appellants.*
*Hamilton Moon Stephens Steele & Martin, PLLC, by Jackson N.*
*Steele and Mark R. Kutny, for defendant-appellants The J.S.*
*Proctor Company, LLC, and Anna Jones Proctor as Executor of*
*the Estate of John S. Proctor, Jr.*

*K&L Gates LLP, by John H. Culver, III and Glenn E. Ketner, III,*
*for defendant-appellee Paul Leonard.*

STROUD, Judge.

Plaintiffs appeal from the order dismissing their complaint with prejudice pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted. The dispositive question is whether a limited partner can bring suit in his personal capacity for injuries to the partnership when he does not sufficiently allege a special duty or a separate and distinct injury. Because we conclude that he cannot, we affirm.

## I. Background

Plaintiffs' complaint, which must be "taken as true" at this stage of the proceedings, *Rowlette v. State*, 188 N.C. App. 712, 714, 656 S.E.2d 619, 621, *disc. review denied and appeal dismissed*, 362 N.C. 474, 666 S.E.2d 487 (2008), alleged: Tryon Hills Associates ("the partnership") was formed as a limited partnership on 27 July 1983 for the purpose of owning and operating Tryon Hills Apartments ("the apartment complex"). At formation, E. Reed Gaskin was the sole limited partner; John Crosland Company, John S. Proctor, Jr. and Paul R. Leonard, Jr. were the general partners. In August 1983, E. Reed Gaskin transferred thirty percent of his interest in the partnership to Anthony William Packer (10%), Lewis R. Gaskin (5%), John L. Sullivan, Jr. (5%), Larry D. Estes (5%), and John A. Thompson, Jr. (5%). The J.S. Proctor Company, LLC, was hired to manage the apartment complex. John Crosland Company withdrew as a general partner prior to the events giving rise to the lawsuit. (R 7) E. Reed Gaskin died in 2003; his partnership interest remained in his estate.

Revenues for the apartment complex began to decline in 2004. The limited partners recommended that the general partners take steps to reduce expenses but the general partners did not do so. In August 2005 the partnership discontinued making mortgage payments on the apartment complex. The mortgage note was sold to Compass Partners on 21 June 2006. The partnership provided Compass Partners with a deed in lieu of foreclosure on 1 August 2006.

On 16 May 2007 plaintiffs filed a complaint in Superior Court, Mecklenburg County. The complaint alleged that the general partners in the partnership, defendants Paul R. Leonard, Jr. and John S. Proctor, Jr.[1] injured plaintiffs by breach of fiduciary duty, negligence, breach of contract, and constructive fraud. Specifically, the complaint alleged that Proctor and Leonard

[1] operat[ed] Tryon Hills in a manner calculated to enrich Defendant The J.S. Proctor Company, LLC, at the expense of Plaintiffs; [2] discontinu[ed] mortgage payments in or about August 2005; [3] conceal[ed] from Plaintiffs their discontinuation of mortgage payments for a period of approximately nine months; [4] fail[ed] to take steps available to ensure that the assets of Tryon Hills were protected and maximized; [5] enter[ed] into continuing negotiations for months with a party who on the most superficial inquiries, would have been shown to have no ability to purchase the property; and [6] fail[ed] to explore or pursue available options to protect Plaintiffs' interest in Tryon Hills.

The complaint further alleged that the same acts and injuries were attributable to the negligence of corporate defendant The J.S. Proctor Company, LLC. The complaint sought compensatory and punitive damages.

On 20 June 2007, The J.S. Proctor Company, LLC, and the executors of the estate of John S. Proctor, Jr. (collectively "the Proctor defendants") moved to dismiss the action pursuant to Rule 12(b)(6), alleging that plaintiffs lacked standing to bring the action and alternatively that defendant The J.S. Proctor Company, LLC, owed no duty to plaintiffs. The case was designated as a complex business case on 29 June 2007. Defendant Leonard moved to dismiss on 30 July 2007. The trial court granted both motions to dismiss on or about 7 January 2008.[2] Plaintiffs appeal.

## II. Standard of Review

"The standard of review on a motion to dismiss under Rule 12(b)(6) is whether, if all the plaintiff's allegations are taken as true, the plaintiff is entitled to recover under some legal theory." *Rowlette*, 188 N.C. App. at 714, 656 S.E.2d at 621 (citation and quotation marks

---

1. John S. Proctor, Jr. died in December 2006. Plaintiffs' complaint sought recovery from Mr. Proctor's estate.

2. Defendant Marsh was voluntarily dismissed from the case without prejudice on 8 November 2007.

omitted). When a plaintiff's standing to bring suit is challenged in a 12(b)(6) motion this Court reviews *de novo*. *Marriott v. Chatham Cty.*, 187 N.C. App. 491, 494, 654 S.E.2d 13, 16 (2007); *see also Energy Investors Fund, L.P. v. Metric Constructors, Inc.*, 351 N.C. 331, 337, 525 S.E.2d 441, 445 (2000) ("Since [the limited partner] cannot maintain an action in its own capacity, it lacks standing and has failed to state a claim upon which relief may be granted.").

## III. Analysis

The general rule of partner standing to sue individually is stated in *Energy Investors*: "It is settled law in this State that one partner may not sue in his own name, and for his benefit, upon a cause of action in favor of a partnership." 351 N.C. at 336-37, 525 S.E.2d at 445 (citation and quotation marks omitted). The rule includes a cause of action against other partners in the partnership, *Jackson v. Marshall*, 140 N.C. App. 504, 508, 537 S.E.2d 232, 235 (2000), *disc. review denied*, 353 N.C. 375, 547 S.E.2d 10 (2001), as well as a cause of action against an unrelated third party, *Energy Investors*, 351 N.C. at 336-37, 525 S.E.2d at 445. "The *only two* exceptions to this rule are: (1) a plaintiff alleges an injury 'separate and distinct' to himself, or (2) the injuries arise out of a 'special duty' running from the alleged wrongdoer to the plaintiff."[3] 351 N.C. at 335, 525 S.E.2d at 444 (emphasis added) (recognizing the two exceptions in a suit brought by a limited partner and citing *Barger v. McCoy Hillard & Parks*, 346 N.C. 650, 660, 488 S.E.2d 215, 220 (1997), which recognized the same two exceptions in a suit brought by shareholders in a corporation).

### A. The Purported "Additional Exception" of *Norman*

Plaintiffs first contend despite the general rule and the recognition of only two exceptions in *Energy Investors*, that *Norman v.*

---

3. These two exceptions are sometimes conflated in case law because they are "often overlapping." *Barger v. McCoy Hillard & Parks*, 346 N.C. 650, 658, 488 S.E.2d 215, 219 (1997) (quoting 12B *Fletcher Cyclopedia of the Law of Private Corporations* § 5911, at 484 (perm. ed. 1993). *Compare Livingston v. Adams Kleemeier Hagan Hannah & Fouts*, 163 N.C. App. 397, 405-06, 594 S.E.2d 44, 50 ("Since no facts have been alleged which lead to the inference of a special duty being owed to plaintiff that is separate and distinct from that owed to the other entities, plaintiff lacks standing."), *disc. review denied*, 359 N.C. 190, 607 S.E.2d 275 (2004), *with Crosby v. Beam*, 548 N.E.2d 217, 221 (Ohio 1989) ("Where majority or controlling shareholders in a close corporation breach their heightened fiduciary duty to minority shareholders by utilizing their majority control of the corporation to their own advantage, . . . the minority shareholder is individually harmed."), *and Noakes v. Schoenborn*, 841 P.2d 682, 687 (Or. App. 1992) ("When the majority shareholders of a closely held corporation . . . breach . . . their fiduciary duties of loyalty, good faith and fair dealing[, those] actions . . . result in both derivative and individual harm[.]").

*Nash Johnson & Sons' Farms, Inc.*, 140 N.C. App. 390, 537 S.E.2d 248 (2000), recognized "[a]n additional exception to the general rule[,]" which plaintiffs call the "closely held exception." Plaintiffs further contend that "[b]y adopting and applying this exception, the *Norman* court relied upon two primary considerations: (1) the closely held nature of the company, and (2) the domination of the company by the defendants and resulting powerlessness of the plaintiffs." Plaintiffs then reason that because the partnership *sub judice* is a closely held partnership, and because plaintiffs are powerless within the partnership, they should be able to maintain this action in their own names and for their own benefit. We disagree with plaintiffs' interpretation of *Norman* and consequently with their conclusion that *Norman* grants them standing to bring this action.

Plaintiff is correct in stating *Norman* purports to create an additional exception:

> Generally speaking, our decision[] in . . . *Barger* parallel[s] the majority view among our sister states that a shareholder can maintain an individual action against a third party only if he can show a special relationship with the wrongdoer *and* also show an injury peculiar to himself. During the last quarter of the Twentieth Century, however, there has been an "evolution" in the development of, and protection for, the rights of minority shareholders in closely held corporations.

140 N.C. App. at 398-99, 537 S.E.2d at 255 (citation omitted and emphasis added); *see also Bagdon v. Bridgestone/Firestone, Inc.*, 916 F.2d 379, 383-84 (7th Cir. 1990) ("[A] few . . . states, ha[ve] expanded the "special injury" doctrine into a general exception for closely held corporations . . . . [but] not all states have joined the parade."), *cert. denied*, 500 U.S. 952, 114 L. Ed. 2d 710 (1991).

We first note that *Norman* misstated *Barger*, which held that

> a shareholder may maintain an individual action against a third party for an injury that directly affects the shareholder, even if the corporation also has a cause of action arising from the same wrong, if the shareholder can show [1] that the wrongdoer owed him a special duty <u>or</u> [2] that the injury suffered by the shareholder is separate and distinct from the injury sustained by the other shareholders or the corporation itself.

346 N.C. at 658-59, 488 S.E.2d at 219 (emphasis added). Second, this Court could not have and did not create "an additional exception" in

light of the North Carolina Supreme Court's clear holding in *Energy Investors*, decided only eight months before *Norman*, that there are *only two* exceptions to the general rule of partner standing to bring an individual action. 351 N.C. at 335, 525 S.E.2d at 444.

Finally, and most important, *Norman* expressly found standing to bring an individual lawsuit on its facts based not on the "evolution" of minority shareholder protection, but based squarely on one of the two exceptions to the shareholder/limited partner standing rule found in *Energy Investors* and *Barger*:

> Even if we assume, however, that plaintiffs must show that they have standing to maintain a direct action against the business defendants under the rule set out in . . . *Barger*, and the recent decision of our Supreme Court in *Energy Investors Fund*, we hold that plaintiffs have alleged facts which bring them within the requirements of those cases.
>
> . . . .
>
> [P]laintiffs['] . . . allegations are sufficient to give rise to a fiduciary relationship between plaintiffs and the defendants and *establish that defendants owed plaintiffs a "special duty"* within the meaning of the *Barger* decision.

*Norman*, 140 N.C. App. at 406-07, 537 S.E.2d at 259-60 (citations omitted and emphasis added).

We therefore conclude that *Norman's* extensive discussion of the closely held nature of the company and the powerlessness of the minority shareholders offers tools for a careful examination of the particular facts of a case to determine if a special duty or distinct injury exists within the meaning of *Barger* and *Energy Investors* rather than "an additional exception."

In examining the facts to find that a special duty was owed by majority shareholders to those in the minority, *Norman* relied on the presence of two indicators of powerlessness: (1) the difficulty faced by minority shareholders in dissolving the entity, either because of legal impediments to dissolving the corporation or because of the complex relationships involved in a family business; and (2) whether recovery would be left in control of the alleged wrongdoers. 140 N.C. App. at 404-05, 537 S.E.2d at 258-59.

Because there were only six limited partners, the "closely held" nature of the limited partnership *sub judice* is undeniable. However,

beyond that fact, the limited partnership *sub judice* has little factual similarity to the closely held corporation in *Norman*. The complaint *sub judice* does not allege and the record does not reflect that plaintiffs hold only a minority of shares in the limited partnership. Rather, plaintiffs collectively own ninety percent (90%) of the shares in the limited partnership.

Furthermore, while defendants, as the general partners, do control the "board of directors," *see Energy Investors*, 351 N.C. at 334-35, 525 S.E.2d at 443-44 (equating limited partners to corporate shareholders and general partners to corporate directors for the purpose of applying the rule of partner standing), plaintiffs are not "powerless." Even though the partnership agreement *sub judice* expressly forbids the limited partners from withdrawing, the agreement also gave the limited partners the right to convert their limited partnership interests into general partnership interests, which may participate in the management of the business or withdraw from the partnership under certain conditions.

There is also no evidence *sub judice* that plaintiffs and defendants are in a family business where "close relationships . . . [have] tragically br[oken] down[.]" 140 N.C. App. at 404, 537 S.E.2d at 258. While some of the plaintiffs appear related to other plaintiffs, and some defendants appear to be related to other defendants, there is no evidence in the record which suggests that any family relationship existed between plaintiffs and defendants. The record therefore does not show that plaintiffs are in the minority, or powerless to withdraw from the entity or to participate in any recovery from the lawsuit.

Additionally, *Norman* cautioned that even if a special duty might otherwise be found to exist based on majority ownership in a closely held corporation, a court should consider the potential impact of a direct or individual lawsuit on third-party creditors, and the potential impact of such a suit on the legal system, i.e., danger of multiple lawsuits, before concluding that a plaintiff has standing to sue individually. 140 N.C. App. at 406, 537 S.E.2d at 259. There is no evidence in the record which tends to show that creditors of the partnership would not be prejudiced if the lawsuit went forward and resulted in recovery by plaintiffs rather than the partnership. To the contrary, the complaint alleges that the partnership is in "dire financial condition" and in default on its obligations, implying that creditors of the partnership might go unpaid if plaintiffs received the benefit of any judgment against the general partners of the partnership. Finally, there is a danger of multiple lawsuits in the case *sub judice*, as the partner-

GASKIN v. J.S. PROCTOR CO., LLC

[196 N.C. App. 447 (2009)]

ship and two partners who hold ten percent (10%) of the limited partnership shares are not parties to the lawsuit.

In sum, plaintiffs have not alleged facts consistent with the *Norman* analysis by which we could conclude that plaintiffs were owed a "special duty" by defendants sufficient to convey standing. Accordingly, this argument is without merit.

B. Contractual Duties

Plaintiffs argue that even if the *Norman* "exception" does not apply, a special duty arises from two contractual agreements plaintiffs entered into with defendants: (1) "each limited partner appointed each general partner as its 'true and lawful attorney in fact' with regard to certain partnership functions[;]" and (2) "[t]he partnership agreement and the amendments thereto . . . govern the details of the management of the partnership and constitute a contract between the general and limited partners. This contract creates contractual duties as contemplated by *Barger*[.]"

Plaintiffs reliance on *Barger* is misplaced, as the type of contractual duties created in this case are not distinct from those in any limited partnership.

> To support the right to an individual lawsuit, the duty must be one that the alleged wrongdoer owed directly to the shareholder as an individual. The existence of a special duty thus would be established by facts showing that defendants owed a duty to plaintiffs that was personal to plaintiffs as shareholders and was *separate and distinct from the duty defendants owed the corporation.*

*Barger*, 346 N.C. at 659, 488 S.E.2d at 220 (citation omitted and emphasis added).

The power of attorney granted in the partnership agreement gave the general partners authority to "execute, sign, acknowledge, deliver and file" certain documents related to the partnership. There is no duty in the power of attorney grant which is not owed to the partnership. Furthermore, absent a specific statutory exception not relevant *sub judice*, "[e]very partner is an agent of the partnership for the purpose of its business[.]" N.C. Gen. Stat. § 59-39(a) (2007) (emphasis added); *see also* N.C. Gen. Stat. § 59-403(a) (2007) ("Except as provided in this Article or in the partnership agreement, a general partner of a limited partnership has the rights and powers . . . of a partner in a partnership without limited partners."). Contrary to plaintiffs' argument, the general partners' duty as plaintiffs' attorneys in fact

was exactly the same as the duty owed the partnership—to conduct the business of the partnership. To hold that a contractual provision appointing the general partners as legal agents or attorneys in fact with regard to certain partnership functions creates a "special duty" would expand the exception to the point that it would entirely swallow the rule. We decline plaintiffs' invitation to do so.

Likewise, every limited partnership is based on an agreement or contract between the partners. *See* N.C. Gen. Stat. § 59-102(7) (2007) (" 'Limited partner' means a person who has been admitted to a limited partnership as a limited partner in accordance with the partnership agreement."); N.C. Gen. Stat. § 59-102(10) (2007) (" 'Partnership agreement' means any valid agreement of the partners as to the affairs of a limited partnership, the conduct of its business, and the responsibilities and rights of its partners. The term 'partnership agreement' includes any written or oral agreement, whether or not the agreement is set forth in a document referred to by the partners as a 'partnership agreement[.]' "). To hold that the existence of a partnership agreement creates a "special duty" would also expand the exception to the point that it would entirely swallow the rule. This argument is overruled.

C. Separate and Distinct Injury

Defendants further rely on *Norman* to argue that when a complaint alleges that "individual defendants and the business entities they control[led] divert[ed] assets and business opportunities from the Company to the business defendants (and thereby to the individual defendants) and thus enrich[ed] themselves at the expense of the Company and the plaintiffs[,]" 140 N.C. App. at 408, 537 S.E.2d at 260, plaintiffs have alleged a separate and distinct injury sufficient to give them standing to pursue their claims individually. However, because we concluded *supra* that the existence of a special duty was dispositive in *Norman*, we also must conclude that the above-quoted statement is non-binding *dicta* unnecessary to the disposition of the case. Instead, this issue is controlled by *Energy Investors* which states:

> [A]n injury is peculiar or personal to the shareholder if a legal basis exists to support plaintiffs' allegations of an individual loss, *separate and distinct from any damage suffered by the corporation.* In applying this rule of shareholder law to that of limited partnerships, we find that the complaint shows [the limited partner plaintiff's] injury is the loss of its investment, which is identi-

cal to the injury suffered by the other limited partners and by the partnership as a whole. . . . [H]opes for profits are hardly unique.

351 N.C. at 335-36, 525 S.E.2d at 444 (citations, brackets in original and quotation marks omitted; emphasis added). Furthermore *Jackson v. Marshall*, a case decided by this Court on the same day as *Norman*, stated "[t]he question is not whether the [limited partner] plaintiff is in a less favorable position than the general partner, but whether the plaintiff is in a less favorable position when compared to all other limited partners." 140 N.C. App. at 509, 537 S.E.2d at 235.

All the injuries complained of by plaintiffs—(1) operation of the apartment complex in a manner calculated to enrich Defendant The J.S. Proctor Company, [LLC,] at the expense of Plaintiffs; (2) discontinuation of mortgage payments which led to loss of the partnership's primary asset; (3) concealment of the discontinuation of mortgage payments; (4) failure to ensure that the assets of the apartment complex—were protected and maximized; (5) failure to be diligent to quickly find a buyer for the apartment complex, and (6) failure to protect the value of plaintiffs' investment in the apartment complex would have equally affected all of the limited partners, not just plaintiffs. Plaintiffs alleged no facts which would support the existence of an injury to themselves apart from diminution in the value of their investment, a circumstance which would have similarly affected the partnership and all the partners, both limited and general. *Jackson*, 140 N.C. App. at 509, 537 S.E.2d at 235; *See also Barger*, 346 N.C. at 659, 488 S.E.2d at 220 ("[D]iminution or destruction of the value of their shares as the result of defendants' negligent or fraudulent misrepresentations of [the corporation's] financial status. . . . is *precisely the injury suffered by the corporation itself.*" (Emphasis added.)).

D. The J.S. Proctor Company, LLC

Plaintiffs lastly contend that they may bring an individual suit against The J.S. Proctor Company based on their ability to bring suit against the other defendants, because The J.S. Proctor company is "inextricably wedded" to the other defendants. We disagree.

The general rule of partner standing is the same regardless of whether the plaintiff is seeking to recover from another partner within the partnership, or a third party unrelated to the partnership. *Compare Barger* 346 N.C. at 658-59, 488 S.E.2d at 219-20 (shareholders sued third-party accounting firm), *and Energy Investors*, 351 N.C. at 336-37, 525 S.E.2d at 445 (limited partner sued third-party vendor), *with Jackson*, 140 N.C. App. at 508, 537 S.E.2d at 235 (limited partner

sued general partner). In the case *sub judice*, the complaint alleges exactly the same duty and exactly the same injury against the third party management company as against the general partners. For the same reasons that plaintiffs have no standing to bring a suit against the general partners, they have no standing to bring a suit against the third party management company, whether the management company is "inextricably wedded" to the general partners or not.

## IV. Conclusion

Plaintiffs' complaint alleged no special duty or separate and distinct injury to themselves. Therefore, we hold that they lacked standing to bring their suit in their own names and for their own benefit. Accordingly, the trial court's order dismissing plaintiffs' complaint for failure to state a claim for which relief may be granted is affirmed.

AFFIRMED.

Judges CALABRIA and STEELMAN concur.