Copeland v. Winters, 2019 NCBC 19.

STATE OF NORTH CAROLINA

CHATHAM COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
18 CVS 873

WILLIAM COPELAND,

Plaintiff,

v.

TIMOTHY WINTERS; and WINTER
CUSTOM YACHTS, INC.,

Defendants.

**ORDER AND OPINION PARTIALLY
DISMISSING PLAINTIFF'S
COMPLAINT**

1. **THIS MATTER** is before the Court upon its directive to the parties to address Plaintiff William Copeland's ("Plaintiff") standing to bring his Second and Third Causes of Action in the above-captioned case. For the reasons stated herein, the Court **DISMISSES without prejudice** Plaintiff's claims for breach of fiduciary duty and constructive fraud asserted against Defendant Timothy Winters ("Winters").

*Daughtry, Woodard, Lawrence & Starling, by Luther D. Starling and Jessica C. Carter, for Plaintiff William Copeland.*

*Young Moore and Henderson, P.A., by Christopher A. Page and Jonathan Crook for Defendants.*

Robinson, Judge.

## I. INTRODUCTION

2. This action arises out of a dispute between two fifty percent (50%) owners of a custom yacht construction business. Plaintiff, a fifty percent owner of the corporate defendant Winter Custom Yachts, Inc. ("WCY"), seeks judicial dissolution

of WCY and additionally asserts three individual claims against Winters, the other fifty percent owner.

3. Plaintiff alleges that he and Winters incorporated WCY in 2006 and each became fifty percent owners of the entity, a status maintained to the present. Plaintiff complains that Winters has essentially hijacked the corporation and its assets, effectively locking Plaintiff out of any meaningful role in the corporation's operation. Plaintiff also claims that Winters has misused corporate assets, including corporate funds, for his personal use.

4. This action was initially instituted by Plaintiff by filing a Complaint on December 28, 2018. (ECF No. 3.) On February 5, 2019, WCY and Winters timely filed a Notice of Designation as Mandatory Complex Business Case, (ECF No. 4), and the next day the action was designated to the Business Court by the Chief Justice of the North Carolina Supreme Court, (ECF No. 1), and assigned to the undersigned by order of the Chief Business Court Judge, (ECF No. 2).

5. Due to the nature of the Complaint's allegations and the claims brought therein, the Court on February 8, 2019, issued a Notice of Status Conference, (ECF No. 9), and conducted a status conference with counsel for the parties on February 11, 2019. During the conference, the Court advised Plaintiff's counsel that, pursuant to Rule 12(h)(3) of the North Carolina Rules of Civil Procedure (the "Rule(s)"), the Court was concerned that Plaintiff's Second Cause of Action (for breach of fiduciary duty) and Third Cause of Action (for constructive fraud) were potentially defective, and therefore subject to dismissal pursuant to Rule 12(h)(3), because they were

improperly brought by Plaintiff directly against Winters rather than derivatively on behalf of WCY.

6. The next day, the Court issued a Briefing Order, (ECF No. 10), directing the parties to submit briefing to the Court related to the issue of Plaintiff's standing to assert, and thus the Court's subject matter jurisdiction to consider, the Second and Third Causes of Action alleged in the Complaint against Winters.

7. Plaintiff filed his Brief in Response to Court Order on March 5, 2019, (ECF No. 11), and Winters filed his Response Brief to Plaintiff's Brief on Second and Third Causes of Action on March 18, 2019, (ECF No. 13). Therefore, this matter has been fully briefed.

8. The Court elects to determine this issue without oral argument as permitted by Rule 7.4 of the General Rules of Practice and Procedure for the North Carolina Business Court.

## II. ANALYSIS

9. A court shall dismiss an action when it appears that the court lacks subject matter jurisdiction. N.C. Gen. Stat. § 1A-1, Rule 12(h)(3). A defect in subject matter jurisdiction may be raised by a party or by the court *sua sponte*. *Conner Bros. Mach. Co. v. Rogers*, 177 N.C. App. 560, 561, 629 S.E.2d 344, 345 (2006).

10. The issue confronting this Court is whether Plaintiff has standing to assert his Second and Third claims against Winters in his individual capacity rather than derivatively on behalf of WCY. Plaintiff attempts to bring individual claims directly against Winters for breach of fiduciary duty (Second Cause of Action) and

constructive fraud (Third Cause of Action). Each of these claims is based on Winters'

alleged wrongful conduct as "an incorporator, shareholder, and officer" of WCY.

(Compl. ¶ 18.) Plaintiff alleges that Winters has: removed Plaintiff from the

corporate website; held himself out as the only founder of WCY; used corporate

facilities and employees for personal purposes; and used corporate funds for personal

purposes. (Compl. ¶¶ 19–22.)

11. Under North Carolina law, "[s]hareholders . . . of corporations generally

may not bring individual actions to recover what they consider their share of the

damages suffered by the corporation." *Raymond James Capitol Partners, L.P. v.*

*Hayes*, 248 N.C. App. 574, 577, 789 S.E.2d 695, 699 (2016) (quoting *Barger v. McCoy*

*Hillard & Parks*, 346 N.C. 650, 660, 488, S.E.2d 215, 220–21 (1997)). Despite this

general rule, however,

> a "shareholder may maintain an individual action against a third party
> for an injury that directly affects the shareholder, even if the corporation
> also has a cause of action arising from the same wrong," under two
> circumstances: (1) where "the wrongdoer owed [the shareholder] a
> special duty[,]" and (2) where the shareholder suffered a personal
> injury—one that is "separate and distinct from the injury sustained by
> the other shareholders or the corporation itself."

*Id.* at 578, 789 S.E.2d at 700 (quoting *Barger*, 346 N.C. at 659, 488 S.E.2d at 219).

12. For Plaintiff to maintain individual claims against Winters, Plaintiff must

allege either (1) that Winters owed Plaintiff a special duty (the first *Barger*

exception), or (2) that Plaintiff suffered a personal injury separate and distinct from

the injury suffered by WCY (the second *Barger* exception). The Court believes and

concludes that Plaintiff has not alleged facts sufficient to establish either *Barger*

exception, and that therefore Plaintiff's Second and Third Causes of Action should be dismissed.

13.    As to the special duty exception set forth in *Barger*, Plaintiff alleges, among other things, that he and Winters each own fifty percent of the outstanding stock in WCY, (Compl. ¶ 8), and that "[u]pon information and belief, Plaintiff allowed Defendant Winters to obtain [fifty percent of the total shares in WCY at no monetary cost to Winters] on the condition that Defendant Winters work diligently for the benefit of the corporation[,]" (Compl. ¶¶ 26−27).    Plaintiff argues that these allegations are sufficient to establish that Winters owed Plaintiff a special duty.

14.    The special duty that may permit a plaintiff to maintain an individual action,

> may arise from contract or otherwise.  To support the right to an individual lawsuit, the duty must be one that the alleged wrongdoer owed directly to the shareholder as an individual.  The existence of a special duty thus would be established by facts showing that defendants owed a duty to plaintiffs that was personal to plaintiffs as shareholders and was separate and distinct from the duty defendants owed the corporation.  A special duty therefore has been found when the wrongful actions of a party induced an individual to become a shareholder; when a party violated its fiduciary duty to the shareholder; when the party performed individualized services directly for the shareholder; and when a party undertook to advise shareholders independently of the corporation.

*Hayes*, 248 N.C. App. at 579, 789 S.E.2d at 700–01 (quoting *Barger*, 346 N.C. at 659, 488 S.E.2d at 220).

15.    Although *Barger* did not purport to identify an exhaustive list, our Court of Appeals has concluded that "the special duty exception clearly requires an

articulation of some duty owed to a plaintiff that is distinct from the general fiduciary duties directors and officers owe to the corporation." *Id.* at 580, 789 S.E.2d at 701.

16.     In his brief, Plaintiff contends that the Complaint alleges:

> Plaintiff was induced to transfer 50% of the Corporation's shares to [Winters] on the condition that [Winters] would work diligently for the benefit of the Corporation.  Plaintiff, individually, was induced to transfer shares upon [Winters'] representations to Plaintiff personally and the resulting duty was separate and distinct from the duty [Winters] owes the Corporation.

(Pl.'s Br. Resp. to Court Order 7–8, ECF No. 11 ["Pl.'s Br."] (internal citations omitted).)

17.     Plaintiff mischaracterizes the Complaint.  Nowhere in the four corners of that document does Plaintiff allege that he transferred any shares of stock to Winters. Rather, the Complaint, read fairly, makes clear that Plaintiff and Winters jointly formed the corporation and each received a fifty percent ownership interest.

18.     Equally if not more importantly, however, the Complaint expressly alleges that  Winters' alleged promise made in 2006 was to "work diligently *for the benefit of the corporation*" not for the benefit of Plaintiff. (Compl. ¶ 27 (emphasis added).)

19.     As noted in *Hayes,* "to support the right to an individual lawsuit, the duty must be one that the alleged wrongdoer owed directly to the shareholder as an individual." *Hayes*, 248 N.C. App. at 579, 789 S.E.2d at 700.  The duty arising from the alleged promise here, if made, was a duty owed to the corporation, not to Plaintiff individually.  Further, there is no indication in the Complaint that Winters did not, for over a decade, do exactly what he allegedly promised to do—work diligently for WCY.

20. Plaintiff's next argument for a special duty is based on Plaintiff's contention that Winters, even though only one of two fifty percent owners of WCY, "has assumed the status as a majority shareholder in a closely held corporation." (Pl.'s Br. 5.) Plaintiff contends that this majority status arises because, even though Winters is numerically not a holder of a majority interest in the corporation, he has "lock[ed] Plaintiff out of the Corporation's website, operations, accounts, and [held] himself out as the sole owner" of WCY. (Pl.'s Br. 5.)

21. The North Carolina Court of Appeals, starting in 2000 in *Norman v. Nash Johnson & Sons' Farms, Inc.*, 140 N.C. App. 390, 537 S.E.2d 248 (2000),[1] has consistently held that absent extraordinarily unique circumstances not present here, a fifty percent owner of a corporate entity does not owe fiduciary duties to the other fifty percent owner. *See, e.g.*, *Grasinger v. Perkins*, 2016 N.C. App. LEXIS 1040, at *8–11 (N.C. Ct. App. Oct. 18, 2016) (holding that "since plaintiffs were equal shareholders with defendants and have failed to demonstrate an injury separate and distinct from that of [the corporation] . . . plaintiffs lacked standing to bring their individual claims against defendants"); *Aubin v. Susi*, 149 N.C. App. 320, 325–26, 560 S.E.2d 875, 879–880 (2002) (holding that the plaintiff did not have standing to maintain a direct action seeking individual recovery "by simply alleging a special circumstance or relationship due to the fact that she and [the defendant] are fifty percent shareholders in a closely-held corporation"); *Outen v. Mical*, 118 N.C. App.

---

[1] *Norman* held that a fiduciary duty is owed by a controlling shareholder to a minority shareholder in particular circumstances giving rise to the first *Barger* exception, 140 N.C. App. at 407–08, 537 S.E.2d at 260–61; here, there is no such majority/minority relationship between Plaintiff and Winters.

263, 266–67, 454 S.E.2d 883, 885 (1995) (dismissing argument that a fifty percent shareholder relationship created a special relationship sufficient to establish individual standing). The Business Court has dutifully followed these precedents. *See, e.g.*, *White v. Hyde*, 2016 NCBC LEXIS 74, at *21 (N.C. Super. Ct. Oct. 4, 2016) (declining to hold that a sibling relationship combined with a fifty percent ownership of an LLC, without more, created a special duty sufficient to bypass North Carolina's general rule prohibiting individual actions where the harm is to the company); *Maurer v. Maurer*, 2013 NCBC LEXIS 41, at *10–13 (N.C. Super. Ct. Aug. 23, 2013) (declining to impose a fiduciary duty in favor of one fifty percent owner against the other who has effective control, recognizing that our "Court of Appeals has to date refused to impose such a fiduciary duty").

22. Because Plaintiff's Complaint affirmatively alleges fifty percent ownership by Plaintiff and Winters, and no other facts sufficient to create a special duty, the Court finds that no special duty exists for purposes of its standing analysis.

23. Plaintiff argues that, regardless of whether Winters owed Plaintiff a special duty, Plaintiff sustained a unique injury, thereby satisfying the second *Barger* exception and providing standing for Plaintiff's claims. In order to satisfy this portion of *Barger*, Plaintiff must demonstrate that he suffered a "loss peculiar to himself." *Outen*, 118 N.C. App. at 266, 454 S.E.2d at 885 (quoting *Barger*, 346 N.C. at 659, 488 S.E.2d at 220).

24. After a careful and thorough review of Plaintiff's Complaint, the Court concludes that the Complaint fails to allege any injuries or losses suffered by Plaintiff

that are unique or peculiar to Plaintiff and not also sustained by the corporation itself. In his brief, Plaintiff argues that he has sufficiently alleged injuries suffered that are "separate and distinct" because he "has alleged throughout the Complaint that [Winters] has diverted assets and business opportunities from the Company to the Defendant, the only other shareholder of [the] Corporation." (Pl.'s Br. 8.) It appears to the Court that Plaintiff is relying on language from *Norman*, where the Court of Appeals stated that the plaintiffs in that case had,

> alleged in great detail acts of the individual defendants and the business entities they control to divert assets and business opportunities from the [c]ompany to the business defendants (and thereby to the individual defendants) and thus enrich themselves at the expense of the [c]ompany and the plaintiffs . . . . Plaintiffs have sufficiently alleged that they have suffered injuries separate and distinct from the defendants, who have suffered no injuries at all.

140 N.C. App. at 408, 537 S.E.2d at 260–61.

25. Subsequent to *Norman*, when this language was used to support an argument similar to the one Plaintiff raises here, our Court of Appeals in *Gaskin v. J.S. Procter Co., LLC*, 196 N.C. App. 447, 456, 675 S.E.2d 115, 120–21 (2007) concluded that the above-quoted language from *Norman* "was non-binding *dicta* unnecessary to the disposition of the case" because "the existence of a special duty was dispositive in *Norman*." Instead, the *Gaskin* court looked to the language in *Energy Investors Fund L.P. v. Metric Constructors, Inc.*, where our Supreme Court stated that "[a]n injury is peculiar or personal to the shareholder if a legal basis exists to support plaintiffs' allegations of an individual loss, *separate and distinct from any damage suffered by the corporation*." *Gaskins*, 196 N.C. App. at 456, 675 S.E.2d at

121 (emphasis in original) (quoting *Energy Inv'rs Fund L.P. v. Metric Constr., Inc.*, 351 N.C. 331, 335, 525 S.E.2d 441, 444 (2000)).

26. As noted above, Plaintiff has failed to allege any facts giving rise to a special duty owed to Plaintiff, making Plaintiff's reliance on this language from *Norman* misplaced. The Complaint, to the extent it alleges any specific injury or damage, alleges the types of injury that are suffered by a corporation, rather than its individual owners, as a result of the type of wrongdoing alleged. For instance, Plaintiff alleges that Winters "us[ed] corporate funds for personal business, including but not limited to, providing gas for his personal or family vehicle(s), purchasing personal food, and payment of his personal and familial health insurance plan on a monthly basis." (Compl. ¶ 22.) These alleged injuries are clearly injuries suffered, if by anyone, by WCY. Accordingly, the Complaint is facially deficient at alleging a special injury under *Barger*.

27. In sum, Plaintiff's Complaint does not allege facts sufficient to establish either of the exceptions outlined in *Barger* and followed by the Court of Appeals and this Court in numerous cases thereafter. For these reasons, the Court concludes that Plaintiff's individual claims against Winters should be dismissed.

### III.   CONCLUSION

28. For the foregoing reasons, the Court finds that it lacks subject matter to consider Plaintiff's Second and Third Causes of Action, and therefore, pursuant to Rule 12(h)(3) *sua sponte* **DISMISSES without prejudice** these claims.

**SO ORDERED**, this the 18th day of March, 2019.

/s/ Michael L. Robinson
_____
Michael L. Robinson
Special Superior Court Judge
  for Complex Business Cases