The Island Beyond, LLC v. Prime Capital Grp., LLC, 2013 NCBC 51.

| STATE OF NORTH CAROLINA | | IN THE GENERAL COURT OF JUSTICE SUPERIOR COURT DIVISION |
|---|---|---|
| COUNTY OF FORSYTH | | 12 CVS 7351 |

THE ISLAND BEYOND, LLC;  
LARRY J. FOLDS, SR.; and  
LARRY J. FOLDS, JR., individually  
and derivatively in the right of  
GLENN CROSSING, LLC,  

          Plaintiffs,  

          v.  

PRIME CAPITAL GROUP, LLC;  
WEST POINT VILLAGE  
ASSOCIATES; and RAYMOND  
KRAWEIC,  

          Defendants.  

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**ORDER**

{1}    THIS MATTER is before the court on Defendants' Motion to Dismiss the Amended Complaint Pursuant to Rule 12(b)(6) ("Motion"). For the reasons stated below, the Motion is GRANTED in part and DENIED in part.

> *Dean Law Firm, PLLC by Stanley P. Dean for Plaintiffs.*
> *Randolph M. James, P.C. by Randolph M. James for Defendants.*

Gale, Judge.

## I.    PARTIES

{2}    Plaintiff Larry J. Folds, Sr. ("Folds Senior") is a citizen and resident of Forsyth County, North Carolina.

{3}    Plaintiff Larry J. Folds Jr. ("Folds Junior") is a citizen and resident of Alexandria, Virginia.

{4}    Plaintiff The Island Beyond, LLC ("Island Beyond") is a limited liability company organized and existing under the laws of the State of North Carolina, with a principal place of business in Forsyth County, North Carolina.

(Am. Compl. ¶ 1.) Island Beyond is one of two members of Plaintiff Glenn Crossing Associates, LLC ("Glenn Crossing") with a twenty-five percent (25%) interest. (Am. Compl. ¶¶ 14-15.) Folds Senior is Island Beyond's Manager. (Operating Agreement, at 19.)

{5} Glenn Crossing is a limited liability company organized and existing under the laws of the State of North Carolina with a principal place of business in Forsyth County, North Carolina. (Am. Compl. ¶ 4.) Folds Senior and Defendant Raymond Kraweic ("Kraweic") formed Glenn Crossing in 2005 for the purposes of owning and operating a commercial development of approximately thirty acres at the intersection of Union Cross Road and Interstate 40 near Kernersville, North Carolina. (Am. Compl. ¶¶ 11, 14.) Neither Folds Senior nor Kraweic are members of Glenn Crossing.

{6} Kraweic is an individual who is a citizen and resident of Forsyth County, North Carolina. (Am. Compl. ¶ 7.)

{7} Glenn Crossing's second member is Defendant Prime Capital Group, LLC ("Prime Capital") which owns a seventy-five percent (75%) interest. (Am. Compl. ¶¶ 14-15.) Prime Capital is a limited liability company, with a principal place of business in Forsyth County, North Carolina. (Am. Compl. ¶ 5.) Prime Capital has been Glenn Crossing's manager since 2005. (Am. Compl. ¶ 18.) Kraweic is Prime Capital's manager. (Am. Compl. ¶ 5; Operating Agreement, at 19.)

{8} Defendant West Point Village Associates ("West Point"), is a partnership organized under the laws of North Carolina. The partners of West Point are Defendant Kraweic, his wife, and his daughters.

## II.    PROCEDURAL BACKGROUND

{9} Island Beyond, Folds Junior, and Folds Senior, filed the original Complaint on November 6, 2012. On November 7, 2012, the case was designated a Mandatory Complex Business case by Order of Chief Justice Sarah Parker dated and assigned to the undersigned. On the same date, Chief Superior Court Judge

John R. Jolly, Jr. entered a Temporary Status Quo Order. All Defendants moved to dismiss the original Complaint on December 10, 2012. At the January 16, 2013 hearing on this motion, Plaintiffs were granted leave to amend.

{10} On March 13, 2013, Plaintiffs filed their Amended Complaint which includes claims for: (1) breach of the Operating Agreement; (2) breach of Prime Capital's fiduciary duty; (3) fraud against Island Beyond by all Defendants; (4) unjust enrichment; (5) constructive fraud resulting from Prime Capital's breach of fiduciary duty; (6) unfair and deceptive trade practices; and (7) an alternative claim of rescission of or compensation for the land conveyances to Prime Capital Group and West Point. Plaintiffs have elected to pursue only their claims for breach of fiduciary duty, constructive fraud, and fraud. (Mot. to Dismiss Hr'g Tr. 45:3-8, 48:22-49:1, Jan. 16, 2013); (Mot. to Dismiss Hr'g Tr. 1:12-20; 2:21-23, July 30, 2013)

{11} The present Motion is included in Defendants' Answer to Plaintiffs' Amended Complaint ("Answer"), filed on April 15, 2013.

{12} The Motion has been fully briefed, heard, and is ripe for disposition.

## III.   FACTUAL BACKGROUND

{13} The court does not now make findings of fact, as a motion to dismiss "does not present the merits, but only [determines] whether the merits may be reached." *Concrete Serv. Corp. v. Investors Grp., Inc.*, 79 N.C. App. 678, 681, 340 S.E.2d 755, 758 (1986). For the purposes of this Motion, the court accepts the allegations of the Amended Complaint as true and draws reasonable inferences from those facts in Plaintiffs' favor, but is not bound to Plaintiffs' legal conclusions. *See, e.g.*, *Sutton v. Duke*, 277 N.C. 94, 98, 176 S.E.2d 161, 164 (1970); *Crouse v. Mineo*, 189 N.C. App. 232, 237, 658 S.E.2d 33, 36 (2008).

{14} Folds Senior, acting as Island Beyond's manager, "put together" a commercial development ("Development") of approximately thirty acres at the intersection of Union Cross Road and Interstate 40. (Am. Compl. ¶¶ 11-14.) Island Beyond could not proceed without a capital investment. (Am. Compl. ¶ 12.) Acting

as Prime Capital's manager, Kraweic agreed to provide the necessary capital for the project. (Am. Compl. ¶ 13.) On January 26, 2004, Island Beyond and Prime Capital formed Glenn Crossing as a North Carolina limited liability company. (Operating Agreement, Art. II, § 1.) The purpose of Glenn Crossing was to own and operate the Development. (Am. Compl. ¶ 11.)

{15}    Island Beyond and Prime Capital were and remain Glenn Crossing's only members. (Am. Compl. ¶ 14-15.) They executed an Operating Agreement on April 21, 2005. [1] (Am. Compl. ¶ 16.) The Operating Agreement grants Prime Capital "full and complete authority to manage and control the business, affairs and properties" of Glenn Crossing. (Operating Agreement, Art. 5, § 1.) Island Beyond has no managerial authority. (Operating Agreement, Art. 5, § 1.) The Operating Agreement permits Prime Capital to "sell, exchange, transfer or convey any, all or substantially all of the assets" of Glenn Crossing, (Operating Agreement, Art. 5, § 1(d)) and "effect any material change" in the business of Glenn Crossing. (Operating Agreement, Art. 5, § 1(n).) The same Agreement permits and calls upon Prime Capital to delegate a degree of this power to non-members. Specifically, the Agreement contemplates that Prime Capital will delegate acquiring the 30.26 acres of the Development to J&R Ventures, Inc., a company owned by Kraweic and his wife. (Operating Agreement, Art. 5, § 1.)

{16}    As Glenn Crossing Members, Island Beyond and Prime Capital are allowed to engage in other business activity regardless of whether it is "competitive or in conflict" with the business of Glenn Crossing. (Operating Agreement, Art. 6, § 7.) The members are not required to disclose such activity. (Operating Agreement, Art. 6, § 7.)

{17}    After Glenn Crossing was formed and the Operating Agreement was executed, the company did not hold regular annual meetings. (Am. Compl. ¶¶ 19,

---

[1] Plaintiffs' Amended Complaint refers to Exhibit A to the original Complaint, which is an incomplete copy of the Operating Agreement. As the Operating Agreement is the subject matter of the original and Amended Complaint, the court may properly consider the contract in its entirety, even where the plaintiff has failed to attach the entire agreement to the Complaint. *Oberlin Capital, L.P. v. Slavin*, 147 N.C. App. 52, 60-61, 554 S.E.2d 840, 847 (2001).

28.) Prior to its last meeting in 2011, Plaintiff Island Beyond simply assumed that Glenn Crossing had acquired all thirty acres of the Development. (Am. Compl. ¶ 22).

{18} At the Glenn Crossing meeting in 2011, Plaintiffs first learned that Glenn Crossing owned only ten acres of the Development, West Point and Prime Capital each owned ten acres of the Development, and that Prime Capital and West Point owned the portion of the Development which the North Carolina Department of Transportation had condemned. (Am. Compl. ¶¶ 28, 30.) Consequently, Prime Capital and West Point alone received the condemnation award, leaving Glenn Crossing with no income-producing property. (Am. Compl. ¶ 27.)

{19} Plaintiffs assert that Folds Senior, on behalf of Island Beyond, requested information about the operations of Glenn Crossing from Prime Capital, before the 2011 annual meeting, but to no avail. (Am. Comp. ¶ 24.) After learning of the ownership of the Development, Island Beyond unsuccessfully requested an explanation for Glenn Crossing's ownership of only one-third of the Development. (Am. Compl. ¶¶ 31-32.)

## IV.   STANDARD OF REVIEW

{20} A motion to dismiss pursuant to Rule 12(b)(6) inquires "whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory, whether properly labeled or not." *Crouse* at 237, 658 S.E.2d at 36 (quoting *Harris v. NCNB Nat'l Bank of N.C.*, 85 N.C. App. 669, 670, 355 S.E.2d 838, 840 (1987)). A motion to dismiss may be granted if the complaint reveals the absence of facts required to make out a claim for relief or if the complaint reveals some fact that necessarily defeats the claim. *Wood v. Guilford Cnty.*, 355 N.C. 161, 166, 558 S.E.2d 490, 494 (2002).

# V. ANALYSIS

{21} As Plaintiffs have stated that they no longer intend to pursue their claims for breach of the Operating Agreement, unjust enrichment, violation of the Unfair and Deceptive Trade Practices Act, or conversion, those claims should be DISMISSED.

{22} The court then addresses the remaining claims for breach of fiduciary duty, constructive fraud, and fraud.

{23} Addressing first the fiduciary duty claims and the corresponding claims for constructive fraud, the court must determine what fiduciary duty claims have been pleaded. The various claims against the various defendants are not well segregated. The gravamen of the claims is that Prime Capital breached its duty as manager of Glenn Crossing. Read liberally, the Amended Complaint presents both a derivative claim on behalf of Glenn Crossing and an individual claim by Island Beyond based on its assertion that as manager, Prime Capital owed a fiduciary duty to both the company and individual members. The Amended Complaint loosely asserts that both Prime Capital and Kraweic were in a position of trust and confidence with all Plaintiffs and therefore both of these Defendants owed a fiduciary duty to each of the Plaintiffs (Amend. Comp. ¶ 52).

A. <u>The Claims for Breach of Fiduciary Duty and Constructive Fraud Should Be Limited to the Derivative Claim on Behalf of Glenn Crossing.</u>

1. <u>Island Beyond Has Adequately Pleaded the Conditions Precedent for Pursuing a Derivative Action.</u>

{24} Defendants contend that Plaintiffs have failed to satisfy the statutory requirements for bringing a derivative claim. (Mot. to Dismiss 7-9.) This presents a standing issue, properly addressed by a motion to dismiss. *Energy Investors Fund, L.P. v. Metric Constructors, Inc.*, 351 N.C. 331, 337, 525 S.E.2d 441, 445 (2000).

{25} The prerequisites for a well-pleaded derivative action are set by statute. Only an LLC member may bring a derivative suit on behalf of the

company. N.C. Gen. Stat. § 57C-8-01 (2013). Neither Folds Junior nor Folds Senior is a member of Glenn Crossing, and neither, then, has standing to assert a derivative claim. (Am. Compl. ¶ 14; Operating Agreement, Art. I.) To the extent that they seek to present such a derivative claim, such claims should be DISMISSED.

{26} Section 57C-8-01(a) provides that a limited liability company member seeking to bring a derivative action must (1) be without authority to cause the limited liability company to sue in its own right; (2) be a member at the time of bringing the action; and (3) have been a member at the time of the transaction of which the member complains. *See Crouse*, 189 N.C. App. at 239, 658 S.E.2d at 37 (quoting Russell M. Robinson, II, *Robinson on North Carolina Corporation Law* § 16.04, at 1 (rev. 7th ed. 2006)). Section 57C-8-01(b) dictates that the complaint must allege with particularity the efforts the member has undertaken to obtain results it desires from the managers of the limited liability company, and the reasons the plaintiff either failed to obtain those results, or for not making a demand on the company. Finally, a derivative claim must be initiated by a verified complaint. N.C. R. Civ. P. 23(b).

{27} The verified Amended Complaint[2] alleges that Island Beyond had no authority to bring the action because Prime Capital "controls all decision-making of Glenn Crossing" (Am. Compl. ¶ 15) and that Island Beyond is and was, at all relative times, a member of Glenn Crossing (Am. Compl. ¶ 17). These allegations satisfy the requirements of Section 57C-8-01(a).

{28} Defendants nevertheless emphasize that the Plaintiffs did not allege efforts to secure relief before bringing the action as required by Section 57C-8-01(b). (Mot. to Dismiss 8). A limited liability company "does not face the same inflexible demand requirements attendant to a derivative suit brought on behalf of a closely-

---

[2] The verification reads that Folds Senior says "[t]hat he is the Manager for the Plaintiff, The Island Beyond, LLC, in the above-entitled action; that he has read the following AMENDED COMPLAINT" and either knows or believes the allegations therein to be true. (Am. Compl. Verification.) The verification specifies that Folds Senior signs not in his capacity as an individual, but in his capacity as the manager of the member who presently files a derivative suit. Defendants' challenge, that the Amended Complaint is not properly verified, is without merit.

held corporation." *Blythe v. Bell*, 2013 NCBC LEXIS 17, at *18 (N.C. Super. Ct. April 8, 2013). Island Beyond has satisfied the more flexible LLC standard for pre-suit efforts. (Am. Compl. ¶¶ 31-32.)

{29}   In sum, Island Beyond has standing to bring a derivative suit on behalf of Glenn Crossing.

2. The Amended Complaint Adequately Pleads a Derivative Claim for Breach of Fiduciary Duty Owed to Glenn Crossing.

{30}   Defendants urge that the Operating Agreement eliminates any fiduciary duty on which Island Beyond relies. (Mot. to Dismiss 21-22.)

{31}   The Operating agreement grants Prime Capital broad powers, and LLC members may vary the default provisions of the LLC Act by agreement. N.C. Gen. Stat. § 57C-3-32(a); *Crouse*, 189 N.C. App. at 237, 658 S.E.2d at 36. However, members cannot contractually limit a manager's liability for: (1) actions it knows conflict with the interests of the limited liability company; or (2) effecting transactions from which the manager derives an improper personal benefit. § 57C-3-32(b).

{32}   The Glenn Crossing Operating Agreement allows Prime Capital to transfer or convey any, all, or substantially all of the LLC's assets, unilaterally (Operating Agreement, Art. V, § 1.), and to operate competing businesses (Operating Agreement, Art. VI, § 7.) Defendants contend that whatever actions form the basis of Island Beyond's claims for breach of fiduciary duty and constructive fraud were therefore permitted by this contractual agreement. However, the Operating Agreement and the exercise of those powers remain subject to the statutory limitations. Plaintiffs' allegations, which the court must accept as true for the purposes of this Motion, are that Prime Capital acquired the Development and misdirected Glenn Crossing's opportunities for an improper personal benefit. (Am. Compl. ¶ 29.)

{33}   Without citation to legal authority, Defendants contend that the Parties can, by agreement, define what must be considered "improper" personal benefit within the meaning of Section 57C-3-32. (Mot. to Dismiss 23.) Even

assuming this position can ultimately be squared with the statutory language, whether Prime Capital's acts fell within the scope of the Parties' contemplation, as reflected by the Operating Agreement, is a matter outside the scope of a Rule 12(b)(6) motion. Accordingly, the Motion should be DENIED insofar as the Amended Complaint asserts a derivative claim brought by Island Beyond on behalf of Glenn Crossing for breach of the fiduciary duty owed by Prime Capital to Glenn Crossing and for constructive fraud.

3. Other Claims for Breach of Fiduciary Duty and Constructive Fraud Should be Dismissed.

a. **Folds Senior and Folds Junior have not adequately alleged a basis for the imposition of fiduciary duties against any Defendant.**

{34} Neither Folds Senior nor Folds Junior has alleged facts demonstrating any specific trust or confidence in Defendants, other than the obligations owed to Glenn Crossing. Their rights, if any, are through Island Beyond. Their individual claims for breach of fiduciary duty and constructive fraud should be DISMISSED.

b. **There is no reason for Island Beyond to pursue an individual breach of fiduciary duty claim against Prime Capital.**

{35} Limited liability company managers are analogous to directors of a corporation; absent special circumstances, they owe duties to the LLC, but not to any individual member. *Kaplan v. O.K. Techs., LLC*, 196 N.C. App. 469, 473-74, 675 S.E.2d 133, 137 (2009), *rev. denied*, 363 N.C. 805, 690 S.E.2d 699 (2010) (citing *Freese v. Smith*, 110 N.C. App. 28, 37, 428 S.E.2d 841, 847 (1993)); *see also*, N.C. Gen. Stat. § 57C-3-22(b) (2013).

{36} In some instances, a majority member owes the minority members a fiduciary duty that prevents the use of the majority vote to harm the minority. *Id.* at 473, 675 S.E.2d at 137; *see also Gaines v. Long Mfg. Co.*, 234 N.C. 340, 344, 67 S.E.2d 350, 353 (1951) *cited in Loy v. Lorm Corp.*, 52 N.C. App. 428, 432, 278, S.E.2d 897, 901 (1981). But it does not automatically follow that a manager is accountable to an LLC's members for management decisions solely because he holds a majority interest.

{37}     A closely held corporation is distinct from a limited liability company. Precedents allowing a minority corporate shareholder to pursue individual claims—normally redressed through derivative actions—do not necessarily apply with equal force to LLC members. *Blythe* at \*13-14. Parties to an LLC Operating Agreement can alter statutory default rules, unlike shareholders in a closely held corporation who have no such power. *Crouse* 189 N.C. App. at 237, 658 S.E.2d at 36.

{38}     Here, the Operating Agreement grants Prime Capital plenary power as Manager. (Operating Agreement, Art. V, § 1) ("the Manager shall have full and complete authority to manage and control the business, affairs, *and properties* of the Company") (emphasis added); *see also* (Operating Agreement, Art. V, § 1(d)) (giving the Manager complete authority to "sell, exchange, transfer or convey any, all or substantially all of the assets of the company," without member approval). While Prime Capital cannot escape all fiduciary duties owed to the LLC, this broad delegation of power is inconsistent with Plaintiffs' separate claim that Prime Capital undertook a fiduciary duty owed to Island Beyond, over and above its duty to Glenn Crossing. Further, Island Beyond does not, through its individual motion, seek any relief that is not recoverable under the derivative action on behalf of Glenn Crossing. Island Beyond's individual claim for breach of fiduciary duty against Prime Capital as manager and the corresponding constructive fraud claim should be DISMISSED.

### c. Plaintiffs present no factual predicate to impose a fiduciary duty on Defendant Kraweic individually.

{39}     The Amended Complaint states in conclusory fashion that "[t]here was a relationship of trust and confidence between the Plaintiffs and Prime Capital and Raymond Kraweic." (Am. Compl. ¶ 51).

{40}     A claim for breach of fiduciary duty depends upon the existence of a fiduciary relationship between the plaintiff and the defendant. *Green v. Freeman*, 733 S.E.2d 542, 550 (N.C. App. 2012). Kraweic did not occupy any position in relation to Plaintiffs that gave rise to fiduciary duty imposed as a matter of law similar to the duty imposed on Prime Capital as Glenn Crossing's manager.

Considering the expectations of the Parties embodied in the Glenn Crossing Operating Agreement, the Amended Complaint does not demonstrate a factual basis to further impose a particular fiduciary duty arising from a relationship of trust and confidence between Plaintiffs and Kraweic individually.

{41} Accordingly, Plaintiffs have not alleged an adequate basis to pursue any fiduciary duty claim other than the claim asserted on behalf of Glenn Crossing against Prime Capital, and all other claims for breach of fiduciary duty and constructive fraud should be DISMISSED.

## B. The Fraud Claim Fails.

{42} Plaintiffs allege that Defendants Prime Capital and Kraweic defrauded Plaintiffs by failing to disclose the true ownership of the Development to Glenn Crossing.

{43} To make out a prima facie case of fraud, a plaintiff must show the following elements: "(1) false representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party." *Ragsdale v. Kennedy*, 286 N.C. 130, 138-39, 209 S.E.2d 494, 500 (1974). Where the fraud claim arises from nondisclosure, a plaintiff must also allege that the defendant had a duty to disclose the information, "as silence is fraudulent only when there is a duty to speak." *Lawrence v. UMLIC-Five Corp.*, 2007 NCBC LEXIS 20, at *8 (2007) (citing *Griffin v. Wheeler-Leonard & Co.*, 290 N.C. 185, 198, 225 S.E.2d 557, 565 (1976)). Allegations of fraud must be pleaded with particularity. N.C. R. Civ. P. 9(b). To meet this requirement, a plaintiff must traditionally allege the time, place, and content of the fraudulent representation, identity of the person making the representation, and what that individual gained through the fraudulent conduct. *Terry v. Terry*, 302 N.C. 77, 85, 273 S.E.2d 674, 679 (1981).

{44} Admittedly, "fraud by omission is, by its very nature, difficult to plead with particularity" under Rule 9(b). *Lawrence* at *9 (2007) (quoting *Breeden v. Richmond Cmty. Coll.*, 171 F.R.D. 189, 195 (M.D.N.C. 1997)). However, in *Lawrence*, Judge Diaz adopted specific pleading requirements for omission-based

claims: a plaintiff must allege (1) "the relationship [between plaintiff and defendant] giving rise to the duty to speak;" (2) the event that triggered the duty to speak or the general time period over which the relationship arose and the fraud occurred; (3) "the general content of the information that was withheld and the reason for its materiality;" (4) the identity of those under a duty who failed to make such disclosures; (5) what the defendant gained from withholding the information; (6) why the plaintiff's reliance on the omission was reasonable and detrimental; and (7) the damages the fraud caused the plaintiff. *Lawrence* at *9 (adopting the requirements set out in *Breeden* at 195); *see also Turner v. Duke Univ.*, 325 N.C. 152, 164, 381 S.E.2d 706, 713 (stating that where state and federal rules of civil procedure are similar, North Carolina courts may look to the federal case law for guidance).

{45}     Absent a duty to speak, the omission-based fraud claim usually requires some act which prohibits the plaintiffs from discovering the information. A duty to speak may arise:

> (1) in the context of a fiduciary relationship, (2) where "a party has taken affirmative steps to conceal material facts from the other," or (3) "where one party has knowledge of a latent defect in the subject matter of the negotiations about which the other party is both ignorant and unable to discover through reasonable diligence."

*McKee v. James*, 2013 NCBC LEXIS 33, at *23 (2013) (quoting *Harton v. Harton*, 81 N.C. App. 295, 298, 344 S.E.2d 117, 119 (1986)).

{46}     In *Lawrence*, the plaintiffs brought an action of fraud by omission against two of the defendants for concealing material facts relating to the continued existence of a corporation.  Judge Diaz concluded that, apart from "parroting a legal conclusion" the plaintiffs failed to adequately plead "facts explaining why their reliance on the Defendants' silence was both reasonable and detrimental," such that the court was "hard-pressed to see how the alleged silence of the Defendants prevented Plaintiffs from searching the public records of the North Carolina Secretary of State's office[.]" *Lawrence* at *12.

{47} The court is equally hard-pressed in this case. Plaintiffs contend that Prime Capital, through Kraweic, failed to respond to their demands for information as to the operations of Glenn Crossing. (Am. Compl. ¶ 24.) Yet even assuming, perhaps unfairly to Defendants, that Plaintiffs adequately alleged the other elements of a fraud claim, they most certainly have not alleged reasonable reliance on any omission, or any act precluding Plaintiffs' access to public records, such as those at the Forsyth County Register of Deeds, which would have revealed the true ownership of the entire Development.

{48} Plaintiffs' claims for fraud should be DISMISSED.

## VI.    CONCLUSION

{49} For the foregoing reasons:

(1)    Defendants' Motion is GRANTED as to all claims for breach of contract, unjust enrichment, unfair and deceptive trade practices, and fraud and those claims are hereby DISMISSED;

(2)    Defendants' Motion is GRANTED as to all claims by Folds Senior and Folds Junior and those claims are hereby DISMISSED;

(3)    Defendants' Motion is DENIED as to the derivative claim brought by Island Beyond on behalf of Glenn Crossing against Prime Capital for breach of fiduciary duty and constructive fraud; and

(4)    Defendants' Motion is GRANTED as to all other claims brought by Island Beyond.

IT IS SO ORDERED, this the 30th day of October, 2013.