THOMAS ROBERT MARRIOTT, ALICE BANKS YEAMAN, JOHN A. WAGNER, ANITA J. SARBO, TIMOTHY MORGAN, JERRY L. MARKATOS, JOSEPH W. JACOB, NANCY BANKS, RACHEL WILFERT, ROBERT GRAHAM, PATRICIA KENLAN, ELAINE C. CHIOSSO, JOHN W. BROOKS, DEBORAH WECHSLER, DAVID PETERSON, JUDITH PETERSON, ANNE R. FLASH, WILLIAM FLASH, KAREN STRAZZA MOORE AND WILLIAM MOORE, PLAINTIFFS v. CHATHAM COUNTY, A NORTH CAROLINA COUNTY AND A BODY CORPORATE AND POLITIC; MEMBERS OF THE CHATHAM COUNTY BOARD OF COMMISSIONERS, IN THEIR OFFICIAL CAPACITIES: BUNKEY MORGAN, CHAIR; TOMMY EMERSON, VICE-CHAIR; PATRICK BARNES; ALLEN MICHAEL CROSS; CARL H. OUTZ; MEMBERS OF THE CHATHAM COUNTY PLANNING BOARD, IN THEIR OFFICIAL CAPACITIES: CHARLES ELIASON, CHAIR; MARK McBEE, VICE-CHAIR; PAUL McCOY; MARTIN MASON; MARY NETTLES; EVELYN CROSS; SALLY KOST; CHRIS WALKER; CLYDE HARRIS; AND CECIL WILSON, DEFENDANTS, AND POLK-SULLIVAN, LLC, CHATHAM PARTNERS, LLC, AND ROBERT D. SWAIN, DEFENDANT-INTERVENORS

No. COA07-326

(Filed 4 December 2007)

**Zoning— subject matter—standing—separation of powers— procedural injury standing**

    The trial court did not err by dismissing under N.C.G.S. § 1A-1, Rule 12(b)(1) plaintiffs' complaint to enjoin development of the pertinent property until the county amends two of its ordinances, including adopting minimum criteria to be used in determining whether developers must prepare and submit an environmental impact assessment (EIA), based on lack of subject matter jurisdiction, because: (1) granting the relief requested would violate the doctrine of separation of powers since the adoption of minimum criteria by the county constituted a legislative function, and the judicial branch has no authority to direct a legislative body to enact legislation; and (2) although plaintiffs contend they have procedural injury standing, the remedies plaintiffs seek are unavailable and inappropriate, and their claims do not satisfy the third element of standing which is the redressability of their injury by a favorable decision.

Appeal by plaintiffs from judgment entered 4 December 2006 by Judge Orlando F. Hudson, Jr. in Chatham County Superior Court. Heard in the Court of Appeals 11 October 2007.

*Lewis, Anderson, Phillips & Hinkle, PLLC by J. Dickson Phillips, III for plaintiffs-appellants.*

*Gunn & Messick, LLP by Paul S. Messick, Jr. for defendants-appellees.*

*Kilpatrick Stockton, LLP by Hayden J. Silver, III and Betsy Cooke for defendant intervenor-appellees.*

STEELMAN, Judge.

When plaintiffs seek a remedy which the court is without the authority to grant, plaintiffs do not have standing to pursue the claim.

### I. Factual Background

Plaintiffs-appellants (plaintiffs) are landowners in Chatham County whose properties are adjacent to several large tracts of land proposed for residential development along the banks of the Haw River. Defendants-appellees (defendants) are Chatham County, members of the Chatham County Board of Commissioners (Commissioners), and members of the Chatham County Planning Board (Planning Board). Defendant-Intervenors (developers) own real property in Chatham County commonly referred to as The Bluffs, the Banner Tract and Shively Tract (collectively, the "property") which adjoins plaintiffs' properties.

Chatham County has adopted a Subdivision Ordinance, which requires the submission of a sketch plan, a preliminary plat and a final plat. Each stage of development is reviewed and approved by the Planning Board and the Commissioners. On 15 May 2006, the Commissioners approved subdivision sketch plans for The Bluffs. On 21 August 2006, the Commissioners approved subdivision sketch plans for certain lots on the Shively Tract. On 16 October 2006, developers submitted sketch plans for additional lots on Phase II and Phase III of the Shively Tract to the Planning Board. On 6 November 2006, the Planning Board recommended approval of the preliminary plat for Phase I of The Bluffs and sketch plans for Phase II and Phase III of the Shively Tract.

At the 1 May 2006 Planning Board meeting, plaintiffs requested that the Planning Board require that developers prepare an environ-

mental impact assessment (EIA) in connection with the developments. At the 21 August 2006 Commissioners meeting, plaintiffs Tom Marriott and Alice Yeaman expressed concern regarding the absence of an EIA. The Planning Board determined, and the Commissioners agreed, that an EIA was unnecessary.

Plaintiffs brought suit on 20 September 2006 to enjoin the development of the property until the county amends two of its ordinances. Plaintiffs sought a writ of mandamus to compel defendants to adopt minimum criteria to be used in determining whether developers must prepare and submit an EIA.

The first ordinance at issue is Chatham County Subdivision Ordinance § 5.2, which provides in part:

> Pursuant to Chapter 113A of the North Carolina General Statutes, the Planning Board may require the subdivider to submit an environmental impact statement with the preliminary plat if the development exceeds two acres in area, and if the Board deems it necessary for responsible review due to the nature of the land to be subdivided, or peculiarities in the proposed layout.

The Subdivision Ordinance § 5.2 was enacted pursuant to authority set forth in the North Carolina Environmental Policy Act, N.C. Gen. Stat. § 113A-1 *et. seq.* ("SEPA"). N.C. Gen. Stat. § 113A-8 addresses major development projects, and gives counties, cities, and towns the authority to require developers to submit EIAs. Subsection (c) of N.C. Gen. Stat. § 113A-8 provides:

> Any ordinance adopted pursuant to this section *shall establish minimum criteria* to be used in determining whether a statement of environmental impact is required (emphasis added).

There is no dispute that Chatham County has never enacted minimum criteria under its ordinance as required by N.C. Gen. Stat. § 113A-8(c).

Defendants filed a motion to dismiss on 16 October 2006, asserting lack of standing and failure to state a claim upon which relief may be granted. On 18 October 2006 developers filed a motion to intervene and a motion to dismiss. On 26 October 2006 plaintiffs filed a First Amended Complaint pursuant to Rule 15(a) of the North Carolina Rules of Civil Procedure. Judge Hudson heard all pending motions on 16 November 2006 and granted defendants' motions to dismiss on the basis of lack of subject matter jurisdiction (N.C.R. Civ. P. 12(b)(1)) and failure to state a claim upon which relief can be

granted (N.C.R. Civ. P. 12(b)(6)). Orders dismissing plaintiffs' claims with prejudice were filed on 6 December 2006 and 11 December 2006. Plaintiffs appeal.

## II.  Subject Matter Jurisdiction: Standing

In their first argument, plaintiffs contend that the trial court erred in dismissing their complaint on the grounds of lack of subject matter jurisdiction pursuant to N.C. R. Civ. Pro. 12(b)(1). We disagree.

"Standing is a necessary prerequisite to a court's proper exercise of subject matter jurisdiction." *Aubin v. Susi*, 149 N.C. App. 320, 324, 560 S.E.2d 875, 878 (2002) (citation omitted). As the party invoking jurisdiction, plaintiffs have the burden of establishing standing. *Neuse River Found. v. Smithfield Foods*, 155 N.C. App. 110, 113, 574 S.E.2d 48, 51 (2002) (citation omitted). The elements of standing are:

(1) "injury in fact"—an invasion of a legally protected interest that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical;

(2) the injury is fairly traceable to the challenged action of the defendant;

(3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Neuse River*, 155 N.C. App. at 114, 574 S.E.2d at 52 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 119 L. Ed. 2d 351, 364 (1992)). Our standard of review on appeal of a trial court's dismissal on the grounds of lack of standing is *de novo*. *Smith v. Privette*, 128 N.C. App. 490, 493, 495 S.E.2d 395, 397 (1998).

"[A] zoning ordinance or an amendment thereto which is not adopted in accordance with the enabling statute is invalid and ineffective." *Keiger v. Winston-Salem Bd. of Adjustment*, 281 N.C. 715, 720, 190 S.E.2d 175, 179 (1972) (citations and quotations omitted).

Although defendants contend that counties have the discretionary right to decide whether private developers must submit EIAs, this argument mis-characterizes the statutory scheme. Counties have discretion in choosing whether to adopt an ordinance pursuant to Section 113A-8. Counties also have discretion in determining what minimum criteria to adopt. However, the adoption of minimum criteria is not optional. Chatham County has adopted no minimum criteria

under its Subdivision Ordinance § 5.2, and the ordinance does not comply with its enabling statute N.C. Gen. Stat. § 113A-8(c).

In their first amended complaint, plaintiffs sought an injunction against further approval of developments, and against all development activities in connection with proposed projects, pending adoption by Chatham County of minimum criteria and the preparation of proper EIAs.

"The courts have absolutely no authority to control or supervise the power vested by the Constitution in the General Assembly as a coordinate branch of the government." *Person v. Board of State Tax Com'rs*, 184 N.C. 499, 503, 115 S.E. 336, 339 (1922). The adoption of minimum criteria by Chatham County constitutes a legislative function. Although courts are authorized to interpret and declare the law, the judicial branch has no authority to direct a legislative body to enact legislation. *In re Markham*, 259 N.C. 566, 570, 131 S.E.2d 329, 333 (1963) ("While it is within the province of the courts to pass upon the validity of statutes and ordinances, courts may not legislate nor undertake to compel legislative bodies to do so one way or another. (Citations) The court erred in seeking to compel the defendant mayor and city commission members to amend the ordinance.") To grant the relief requested by plaintiffs would be to violate the doctrine of separation of powers, *Godfrey v. Zoning Bd. of Adjustment*, 317 N.C. 51, 58, 344 S.E.2d 272, 276 (1986), and the trial court was without authority to do so.

Plaintiffs argue that they have "procedural injury standing" and that the harm they have suffered is the failure to require the environmental impact study. This argument must fail. First, the authority cited by plaintiffs for the "procedural injury standing" doctrine is in the context of the North Carolina Administrative Procedure Act, which is inapposite here. Second, the injury in the instant case is not the failure to require the study, as plaintiffs suggest, but instead it is the failure to adopt minimum criteria.

The only remedy available to plaintiffs is to have the courts invalidate the provisions of the Subdivision Ordinance that do not comply with the provisions of N.C. Gen. Stat. § 113A-8. If this portion of the ordinance is invalidated, then there is no requirement of an EIS, and this remedy would not redress plaintiffs' alleged injuries. The remedies plaintiffs seek are unavailable and inappropriate, and their claims do not satisfy the third element of standing, which is the redressability of their injury by a favorable decision.

"If a party does not have standing to bring a claim, a court has no subject matter jurisdiction to hear the claim." *Estate of Apple v. Commercial Courier Express, Inc.*, 168 N.C. App. 175, 177, 607 S.E.2d 14, 16, *disc. review denied*, 359 N.C. 632, 613 S.E.2d 688 (2005) (citation omitted). We hold that plaintiffs lacked standing to bring their claims and that the trial court properly granted defendants' and defendants-intervenors' motions to dismiss.

Because we affirm the superior court's decision that it lacked subject matter jurisdiction, we do not address plaintiffs' other assignments of error.

AFFIRMED.

Judges BRYANT and GEER concur.